### 7786

### STATE v. SMALLS.

1. DYING DECLARATIONS.—Rule for admission of dying declarations stated. The trial Court primarily decides whether the conditions exist under which they are admissible and its ruling will not be disturbed unless clearly incorrect and prejudicial. •

2. MANSLAUGHTER.—There was sufficient evidence in this case to support a verdict of manslaughter.

Before —————— J., Colleton ————, 1910. Affirmed.

Indictment against Jerry Smalls for murder of William Green. Defendant appeals.

*Messrs. Peurifoy Bros.,* for appellant.

*Solicitor Jno. H. Peurifoy,* contra. Oral arguments.

February 25, 1911. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. Upon an indictment for murder of William Green in Colleton county on May 30, 1909, the appellant was convicted of manslaughter with recommendation to mercy, and was sentenced to two years imprisonment.

The exceptions raise two questions, first, whether the alleged dying declarations of the deceased were admissible in evidence; second, whether a new trial should have been granted on the ground that there was no testimony to support the verdict.

The witness Toby Middleton was permitted to testify that shortly after deceased was shot he went to the spot where he fell, that deceased was shot in the face, could not open his eyes, was groaning and calling for water, that he said he was going to die, that he asked to be turned over on his back and put his hand to his face saying, "Oh! Lord have mercy," and died in two minutes. The Court considered this sufficient to admit as a dying declaration the following:

"Who did he say shot him? He just said the old man shot him, but that would be all right. He said the old man? Said the old man."

The conditions which authorize the admission of the dying declarations are: (1) the imminence of death of the deceased, (2) that deceased was without hope of recovery, (3) that the circumstances of the death was the subject of the declaration. *State* v. *McCoomer,* 79 S. C. 67, 60 S. E. 237; *State* v. *Franklin,* 80 S. C. 335, 60 S. E. 953.

These cases further declare that the Circuit Court primarily decides whether these conditions exist and its ruling will not be disturbed unless clearly incorrect and prejudicial. In this instance we see no ground for holding the ruling incorrect. The weight to be attached to the declaration was for the jury.

There was some testimony which tended to show that the defendant shot deceased. Throughout the case, in the ques-

tions propounded and in the answers, the defendant was referred to as "old man," "old man Jerry," "old Jerry" and such references had been made some nine or ten times before the admission of the dying declarations.

The witness John Middleton testified that defendant was intoxicated that night, that there was a crowd of boys in defendant's house drinking, that defendant was cursing and got his gun and as the boys ran out of the house defendant ran behind them and a gun was fired twice, that the deceased was found lying behind the well close to the defendant's house shot in the face, that no one else had a gun on that occasion, and that defendant said he had shot.

The judgment of the Circuit Court is affirmed.